## In re TATUM.

(Supreme Court, Appellate Division, Second Department.   May 31, 1901.)

WILLS—REAL   PROPERTY—DEVISE—SALE—DIRECTION—EXECUTOR—DISCRETION
—EQUITABLE CONVERSION.

Deceased devised the residue of her estate to A., H., and F., her grandchildren, and provided that, if any one of them should not be of age at the time of the testatrix's decease, the share of such one should be invested and held in trust until the devisee became of age, when the executor should pay the principal sum, with all interest and accumulations thereon, to the devisee, and authorized her executor to sell any part of her estate at such time and in such manner as, in the exercise of his best judgment, he might deem expedient.   At the death of testatrix, A. and H. were of age, and F. was 12 years old.   Thereafter A. died without issue, leaving a husband, and her father, as her only heir at law.   *Held*, that the contention that A.'s husband was entitled to her part of the proceeds of testatrix's real property, because the use of the words "invest," "pay," and "principal sum, with interest and accumulations," constituted an imperative direction that the real estate be sold, which effected an equitable conversion of it into personalty as of the date of testatrix's death, could not be sustained, since, notwithstanding the words used, the sale was in the discretion of the executor, and was not necessary to carry out the intent of testatrix.

Appeal from surrogate's court, Kings county.

Judicial settlement of Charles A. Tatum as executor of the last will of Maria E. Hibbler, deceased, in which F. D. Preston filed exceptions.   From a decree of the surrogate's court (69 N. Y. Supp. 501) overruling the exceptions, F. D. Preston appeals.   Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

John H. Shedd, for appellant.
Charles H. Otis, for respondent.
Thos. H. Troy, guardian ad litem.

JENKS, J.   It is necessary to set out only the eleventh and thirteenth paragraphs of the will:

"Eleventh. All the rest, residue, and remainder of the property and estate, real and personal, of every description and wheresoever situated, of which I may be seised or possessed, or to which I may be entitled, at the time of my decease, I give, devise, and bequeath unto my grandchildren, Anna H. Tatum, Albert H. Tatum, and Frederick C. Tatum, children of my deceased daughter, Alice H. Tatum, for their own use and benefit forever, share and share alike.   But, if any of my grandchildren hereinbefore named shall not be twenty-one years of age at the time of my decease, the share in my estate hereinbefore bequeathed or devised to such grandchild shall be held by the trustee hereinafter named, or his successor, in trust to invest the same and keep the same invested until such grandchild shall attain the age of twenty-one years, and then to pay over to such grandchild the said principal sum, with the interest and accumulations thereon; and, in the event that such grandchild shall die before attaining the age of twenty-one years, then to pay the said principal sum and the interest and accumulations thereon to the survivors among the said grandchildren in equal proportions, the share in such fund of such survivor as shall then be of the age of twenty-one years to be paid forthwith; and, if either survivor shall then be under the age of twenty-one years, his share therein to be paid when he shall become of such age.   Thirteenth. I constitute and appoint my son-in-law, Charles A. Tatum, the executor of this, my will, and trustee of the several trust estates here-

inbefore created; and I hereby authorize and empower my said executor and trustee to sell, at public or private sale, and at such time or times, and in such manner, and for such sum or sums, and upon such terms as to him, in the exercise of his best judgment, may seem most expedient, and to convey, all or any part of my real and personal estate as he may consider it necessary or proper to do for the payment of my said debts and of said legacies, and for any other purpose or purposes whatsoever."

The question presented by this appeal is whether the testatrix intended that there should be a conversion of the realty. She left a house, lot, and stable, and $70,000 in personal property. Three grandchildren—two of age, and one an infant 12 years old—survived her. When the testatrix died, one of the elder grandchildren was married to Mr. Preston. Mrs. Preston died intestate, without issue, leaving her husband, and, as her only heir at law, her father. The husband took out letters of administration upon his wife's estate. Shortly after the death of the testatrix, the realty was sold for $15,000. The father of the said deceased grandchild claims a share of the proceeds as heir at law of his daughter; and her husband claims such share on the theory that the will of the testatrix effected conversion of said realty at the time of her death, and that therefore the proceeds pass to him, as personalty. Before a conversion can be justified, there must appear a positive direction. There is none expressed in this will, for the power of sale is clearly discretionary. And such a direction can only be implied "when the design and purpose of the testator is unequivocal, and the implication so strong as to leave no substantial doubt." For, where only a discretionary power to sell is given, and the scheme of the will can be carried out without a conversion, the land will remain land. Scholle v. Scholle, 113 N. Y. 261, 21 N. E. 84; Clift v. Moses, 116 N. Y. 144, 22 N. E. 393. The eleventh paragraph provides that the residuary estate, real and personal, is given, devised, and bequeathed to the three grandchildren named, for their own use and benefit forever, share and share alike. The single limitation applies only because of the infancy of the third grandchild. But, subject to the adult grandchildren's right to a partition, the real property, as realty, could have been held for him until his majority, then to vest in him. The learned counsel for the appellant argues that the words "invest," "pay," "principal sum, with interest and accumulations," "in equal proportions," "share in such fund," and "paid," all indicate that the testatrix contemplated a sale of the real estate. But it must not be forgotten that these words are used in the clause of the will whereby disposition is made of all the rest, residue, and remainder of the property and estate, real and personal, which consisted for the most part of personal property. The word "invest" may be limited as applicable to the personalty, as may be the words "principal sum, with interest and accumulations." "In equal proportions" does not necessarily require a sale of the realty. The word "fund," in its broader meaning, may include property of every kind (And. Law Dict.; Miller v. Bradish, 69 Iowa, 278, 280, 28 N. W. 594), while the word "pay," while affording strong implication, is not enough to establish the rule (Chamberlain v. Taylor, 105 N. Y. 185, 11 N. E. 625). The learned counsel

asks, if it was the intention of the testatrix that the real estate should be held unsold for 10 years, why did the executor sell it almost immediately? It may be answered that the exercise of a discretionary power by the executor is no proof of the intention of his testator. The fact that the executor applied the proceeds of the sale as directed by the will does not show, as is contended, that he was compelled to sell in order to carry out the scheme of the testator. There is more force in the point that the full share of the adult surviving grandchild, as provided for in the eleventh clause of the will, in case of the death of any grandchild before its maturity, could not be "paid forthwith," so far as the realty is concerned; but the argument, after all, depends upon the use of the inapt term "pay," which, as I have said, is far from sufficient to establish the intention for conversion. Chamberlain v. Taylor, supra. The learned counsel for the appellant mainly relies upon Salisbury v. Slade, 160 N. Y. 278, 54 N. E. 741, and Kinnier v. Rogers, 42 N. Y. 531. In the first case, Bartlett, J., quotes: "Precedents are not very valuable where the decision must be based on the peculiar phraseology of the entire will. Delafield v. Barlow, 107 N. Y. 540, 14 N. E. 498." The scheme before his court was a devise of a life estate to the widow in an estate consisting largely of realty, which upon her death was directed to be divided into seven shares, three of which were to be paid over to the sons at once, and four of which were to pass into four separate trusts for life, and a restriction that the executors and trustees must not sell or divide up the real estate during the life estate, or the widowhood of the holder thereof. The court held that the provisions for the children raised of necessity an implied trust to sell, and that the restriction as to selling and dividing up during the life or widowhood of the widow meant that it should be sold and divided up after the period named, as the rest of the estate had been; otherwise, the will could not be carried out. Pages 289, 290, 160 N. Y., and page 743, 54 N. E. The case is not an authority, because the scheme of this will is essentially different. For in the case at bar there is an absolute devise, effective upon the death of the testatrix, save that an undivided third share is held by trustees during the minority of the devisees thereof, and the power of sale of the entire estate is but in discretion. The decision in Kinnier v. Rogers, supra, held that a discretionary power of sale following an absolute devise was valid, but it did not apply the doctrine of conversion. And the quotation from the opinion of Lott, J., therein, made by the learned counsel, is pertinent to the case at bar, without making for the appellant, inasmuch as it but states the reasons that may well have induced the testator to give a discretionary power of sale to his executors. Now, that power is given in this case, and similar reasons may well have moved the testatrix. Many other cases are cited by the learned counsel which are instances of the application of the rule of equitable conversion. There is no dispute about the rule. This contest turns upon the application of it. I think that the cases cited are not precedents, because provisions of the wills or the express directions of the testators, essentially different to the provisions and

directions of this will, required or justified the application of the rule. A precedent in such a case as this must show provisions similar, a scheme identical, or language equipollent. I am of opinion that the intention of the testatrix can be fully carried out without the application of the rule invoked by the appellant. 2 Story, Eq. Jur. (13th Ed.) p. 552, says:

"In general, courts of equity do not incline to interfere to change the quality of the property as the testator or intestate has left it, unless there is some clear act or intention by which he has unequivocally fixed upon it throughout a definite character either as money or as land. For, it has been said, there is not a spark of equity between the next of kin and the heir as to the right of property in such cases; and therefore the general principle adopted is that the heir shall take all the property which has attached to it the quality of real estate, if there is not some other definite and specific purpose to which it is entirely devoted."

The decree must be affirmed, with costs. All concur.