(39 Misc. Rep. 555.)

### SCOTT v. DOUGLAS et al.

(Supreme Court, Special Term, New York County. January, 1903.)

1. WILL—SALE OF REALTY.
     Where a will directs the executors to sell the real estate, it converts the estate into personalty, and the power of sale passes to the administrators with the will annexed.

2. EQUITABLE CONVERSION
     Where real estate is, by a mandatory direction to the executors to sell, converted into personalty, in order to effect a reconversion there must be unanimity of intention among all the parties interested in the estate.

Action by William Scott against Henrietta L. Douglas and others for partition. Judgment for plaintiff.

John W. Ingram, for plaintiff.
Frederick W. Sherman, for defendants.

BISCHOFF, J. The question presented is whether, as to parcels Nos. 2 and 3, the parties hold as tenants in common of real estate, as distinguished from a common ownership of personalty. The title is derived through William Scott, deceased, and it is the contention of certain of the defendants that, under the provisions of his will, there resulted an equitable conversion of this real estate; the plaintiff, on the other hand, taking the position that there was no equitable conversion, and that, assuming the contrary, a reconversion had taken place by agreement of the parties.

In its practical aspect, the question whether there was or was not an equitable conversion depends upon the presence or absence of a mandatory direction to the executors to sell these parcels, since, with the discharge of the last surviving executor, a mere discretionary power to sell would not pass to the administrators with the will annexed, and an equitable conversion cannot be adjudged upon the strength of a discretionary power of sale, the exercise of which is not essential to the scheme of the will. Matter of Tatum, 61 App. Div. 513, 70 N. Y. Supp. 634. As to these two parcels, however,

¶ 1. See Conversion, vol. 11, Cent. Dig. § 28; Executors and Administrators, vol. 22, Cent. Dig. § 493½.

there was an absolute direction to sell, and the argument for the plaintiff that this direction ceased to affect parcel No. 2 is not found to be forceful. · This parcel consisted of premises which were made the subject of a special devise, involving a sale by the executors, and final distribution after the death of certain children of the testator, to one of whom the executors were directed to make a lease at a fixed rental.   In an action brought for the construction of the will, it was, in effect, determined that so much of this devise as postponed the sale to the death of children other than the one child to whom the lease was made was void, as in contravention of the statute against perpetuities; but the validity of the provision for the lease, and, to this extent, for the postponement of the sale and distribution, was upheld, so far as the decree expresses anything to the contrary, and this has been the practical construction adopted by the parties in the management of the estate.   The plaintiff contends that the decree held the provision for the lease itself void, and claims, accordingly, that there remained nothing for the operation of the special devise, and that this parcel was to be treated as part of the general estate, subject only to the general discretionary power of sale contained in the will.   No reason is suggested why the court should have declared this first postponement of alienation void, and the decree distinctly referred to the numbered clause in the will which was deemed to be invalid,—a clause which affected only the attempted excessive postponement.   True, the words of the decree would seem to describe this clause inaccurately, but I must take the specific reference to the clause itself as controlling, and as pointing to the more probable meaning of the court; and I fail to find sufficient probability that the intention was to affect a clause of the will other than that referred to.   The parties have so understood the decree, as their continued attitude shows, and their understanding appears to have been the more reasonable one.

I must hold, therefore, that the mandatory direction for a· sale, as contained in this device, remained operative, and I do not find that the direction was qualified by the words "in the same and like manner as my other real estate is directed to be disposed of and applied."   This reference followed a direction to distribute, and must be taken to relate to the disposal and application of the proceeds of a sale, not to the exercise of discretion in the making of the sale, which discretion could be exercised under the general provisions of the will.

I am not inclined to hold that there was an agreement between the parties which resulted in a reconversion of these parcels.   For the purposes of such a result, there must be unanimity of intention (McDonald v. O'Hara, 144 N. Y. 567–569, 39 N. E. 642), and this is wanting.   Entries made by the executor in his books as to the manner in which he received and paid out moneys afford no actual proof that there had been an agreement to alter the status of this property, nor do the acts and statements of one of the parties bind the others as to the fact of the intention or understanding of all.   So far as there was any agreement between the parties, it excluded this property; and several of the parties, including infants, have not been

shown satisfactorily to have assented to the alleged reconversion as
to these particular parcels.

I conclude that the power of sale, as to parcels Nos. 2 and 3, sur-
vived to the administrators with the will annexed. Form of decision
and judgment may be presented accordingly.

Judgment accordingly.