JAMES C. TORREY ET AL., PLAINTIFFS IN ERROR, v.
MARTHA TORREY, DEFENDANT IN ERROR.

Submitted March 22, 1904—Decided November 14, 1904.

In the will under consideration in this cause the words, "all of this
world's goods of which I may be possessed at the time of my
death," included real estate.

On error to the Supreme Court.

For the plaintiffs in error, *Charles V. D. Joline.*

For the defendant in error, *Dean S. Renwick.*

The opinion of the court was delivered by

DIXON, J.   The question in this case is, did the following
will devise the testator's real estate:

"I direct that all my just debts and funeral expenses be
paid as soon as may be   *   *   *.

"I give and bequeath to my dear wife, Martha Torrey, all
of this world's goods of which I may be possessed at the time
of my death, confident that she will care for our dear children
with the same love and devotion which she has ever shown
them.

"I appoint my wife, Martha Torrey, the sole executrix of
this my last will and testament."

The position taken for the negative is that the word "goods"
cannot include realty.

No doubt that word, standing alone, is usually thus re-
stricted, but it does not follow that the clause "all of this
world's goods of which I may be possessed at the time of my
death" is subject to the same limitation. In using such an ex-
pression one's mind is dwelling not on any factitious distinc-
tions among present possessions but upon the distinction be-
tween the good things enjoyed in this world and those hoped

for in the next. It is therefore quite credible that the testator by these words meant all that he had. Whether such was his meaning must be determined not by fixing the attention on single words but by considering the entire will and the surroundings of the testator when he executed it, and by ascribing to him, so far as his language permits, the common impulses of our nature.

In attempting to interpret any will the first suggestion naturally arising is that the testator intended to dispose thereby of all, his property. If such intention be imputed to this testator, then the gift to his wife should include his realty, for outside of that gift and the payment of debts and funeral expenses, no disposition of property appears. Indeed, if this gift was not intended to include realty the making of the will was hardly worth the trouble of writing it, for he then had beside his real estate only a few shares of stock in a building association and his household effects, not enough to pay his creditors when he died.

The manifest purpose of the testator in disposing of his property may be and here is of much importance in arriving at his intention as to the extent of the gift. He gave "all of this world's goods of which he might be possessed at his death" to his dear wife, "confident that she will care for our dear children with the same love and devotion which she has ever shown them." These words indicate very strongly his purpose to enable his wife, so far as lay in his power, to care for their dear children as her proven love and devotion toward them would prompt her to do. Such a purpose was futile if he placed in her hands only his little personal property, which, at his death, would be wholly absorbed by complying with his preceding direction, that his debts and funeral expenses should be at once paid.

But it is argued that these considerations are not sufficient to overcome a certain legal presumption against disinheriting the heir. That presumption originated in an artificial system which does not exist among us, a system designed to avoid the division of landed estates. So far as it accords with the natural impulse to provide for one's family and

kindred it still deserves weight. Thus far it favors our interpretation of this will, for evidently the testator was confident that his wife's care, impelled by her love and devotion and furnished with effective means, would be more conducive to the welfare of their dear children, who were still young, than the mere fee-simple of his land.

We think the Camden Circuit Court rightly decided that the testator's real estate passed to his wife, and therefore its judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, SWAYZE, BOGERT, VREDENBURGH. 6.

*For reversal*—FORT, PITNEY, VROOM, GREEN, GRAY. 5.