Matter of the Last Will and Testament of HENRY L. CHURCHFIELD, Deceased.

(Surrogate's Court, Westchester County, April, 1917.)

Wills — holographic — when entitled to probate — what is sufficient to pass real estate.

> A holographic will reading: "I request all my belongings, moneys, bonds and insurance to be left to my wife," etc., is sufficient to pass real estate owned by testator at his death, and is entitled to probate as a will relating to both realty and personalty.

PROCEEDING upon probate of a will.

S. Alton Ralph, for petitioner.

Frederick G. Schmidt, special guardian.

SAWYER, S.   Petition for probate of the will of Henry L. Churchfield, late of the town of Bedford, county of Westchester, state of New York.

The special guardian consents that the will be admitted as a will of personalty, but objects to its being admitted as a will sufficient to pass realty.

Deceased was formerly butler in the employ of the Harriman family, and on June 6, 1905, when facing an operation, made a holographic will as follows:

"*June 6th,* 1905.

" I HENRY L. CHURCHFIELD,

     " J. B. Harriman,

          " Mount Kisco, N. Y.          ·

" I request all my belongings, money, bonds and insurance to be left to my wife Marian Churchfield, and my two children, William H. Churchfield and Mary Margate Churchfield.

                    " HENRY L. CHURCHFIELD.

" GEORGE P. SAVAGE

" MAY BARRON."

The attorney for the proponent admits that the deceased, at the time of making the will, in 1905, owned no real estate. The real estate which he owned at the time of the death was subsequently acquired.

It seems to me that the testator intended by his will to give, devise and bequeath all of his estate, both real and personal, to his wife, Marian Churchfield, and his two children, William H. Churchfield and Mary Margate Churchfield, share and share alike.

The will is holographic in character and was drawn by a man who was formerly a butler. The point to be considered is, how did he intend to dispose of his property at the time of his death? It seems to me that the will reads as follows: I request all my belongings; I request all my money; I request all my bonds; I request all my insurance to be left to my wife, Marian Churchfield, and my two children, William H. Churchfield and Mary Margate Churchfield.

The common usage of the word "belongings," at least by a lay mind, includes all property, whether real or personal, and there is nothing in this will to show a contrary intent.

By giving all the balance of his "belongings" to his wife, testator meant to give all the remainder of his property to her, the words "belong" and "belongings" having been used several times in the will. *Lee* v. *Moore's Exr.*, 93 S. W. Rep. (Ky.) 911.

The primary meaning of the words "to belong" is "to be the property of." The word "belonging" is aptly used to express ownership, and, as used in an indictment for larceny, is a sufficient expression of ownership. State v. Fox, 80 Iowa, 312.

The primary meaning, and also the common and ordinary meaning, of the word "belong," is to be the property of. *Gammon* v. *Gammon Theo. Seminary,* 153 Ill. 41.

The word " belonging " as defined by the Century Dictionary and Cyclopedia, is " that which belongs to one; property, possessions."

There can be no doubt but that this testator intended in language plain and simple to make his wife and two children the recipients of his bounty, share and share alike.

The will in question is a valid will, both as to realty and personalty, and should be admitted as such.

Probate decreed.