### Ford's Administrator v. Wade's Administrator, et al.

(Decided December 18, 1931.)

RODES & HARLIN, R. M. COLEMAN, JR., W. R. PEEBLES, C. E. EVANS and JOHN WHITAKER for appellants.

LAURENCE B. FINN for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On April 24, 1929, Mrs. Pauline Wade, a resident of Simpson county, Ky., died testate; her will, which was holographic in its nature, having been executed on April 28, 1928. Omitting caption and signature, it, in its entirety, reads:

"After all my just debts are paid I will to Phillip Houston Holloway five hundred dollars, and to Mary Holloway five hundred dollars, to Pauline D. Carman, five hundred dollars, also Mrs. Sallie Ford five hundred and a dress, also to Nathan Holloway five hundred dollars, and to Naomi S. Holloway five hundred dollars and all my personal belongings and real estate."

The testatrix was near 83 years of age at the time she executed her will, and had been a widow for fifteen years or more. Her parents were dead, and she had borne no children, her only surviving relatives consisting of nieces and nephews and children of some of them who were dead. Mrs. Naomi S. Holloway was a much-favored niece of the testatrix, and the latter, upon her husband's death, of her own accord, moved into the residence of Mrs. Holloway, who herself had some children. The fifteen years association as a member of the Holloway family ripened and broadened the affection of the testatrix for her niece and for the latter's children to such an extent that she was regarded by them as a mother and grandmother, and all of them so estimated their relationship. Other nieces and nephews and grandnieces and grandnephews lived elsewhere, and some of them resided in a different state.

The will was in due time probated in the Simpson county court, T. L. Neeley being appointed and qualified

as administrator of the estate with the will annexed. On September 3, 1929, he filed this equity action in the Simpson circuit court against the devisees in the will and all of the collateral heirs of the testatrix to obtain a construction of that document and a direction from the court as to how he should settle the estate; the controversy, as pointed out in the petition, arising over the correct interpretation of the devise to Mrs. Naomi S. Halloway of "Five hundred dollars and all my personal belongings and real estate." It was alleged in the petition that Mrs. Holloway contended that the phrase "all my personal belongings" was tantamount to a residuary clause, and carried with it all of the personal property of the testatrix not specifically devised; while the other devisees and collateral heirs, exclusive of the Holloway children, insisted that the alleged residuary clause embraced and included, as set out in briefs, only

"those things that modern ladies carry in handbags and elderly ladies carried in portmanteaus and valises. Also, articles not carried around with persons such as furniture, other clothes, pictures, heirlooms, books, scant furniture and numerous articles of value to the owner but not of value to the public, especially antiques and quilts made a generation or two ago."

The answers of those heirs made such contention, followed by counterpleadings controverting it, and upon final submission the court sustained the construction advanced by counsel for Mrs. Holloway and adjudged that, after paying debts, costs of administration, and specific bequests, the balance of the estate of the testatrix belonged to Mrs. Holloway, and from that judgment the heirs prosecute this appeal.

The property of the testatrix consisted in a house and lot in Franklin, Ky., of the agreed value of $2,500 and of cash, notes, bonds, and other intangible personal property of the value of $24,678.10. The case presents another occasion for applying the basic rule for the interpretation of wills, which is: That the intention of the testator as expressed by the language he employed in his entire will should prevail. For the purpose of ascertaining such intention under that rule, a number of subsidiary ones have been adopted as guides for the court in arriving at the precise meaning of the language

employed by the testator in expressing his intention, among which are: (a) That it is permissible to produce to the court, whose task it is to construe the will, the environments, circumstances, and surroundings of the testator at the time he executed his will; (b) that in cases of doubt and where the employed language may be interpreted so as to create intestacy as to a part of the estate, or may as appropriately be construed as disposing of all of it, the latter interpretation will be adopted, upon the ground that it is presumed that, when the testator goes through the formality of executing his will, he thereby intends to make a complete disposition of his property and to die intestate as to none of it; and (c) the laws of human nature and the propelling influences of mankind may also be taken into consideration in ascertaining the meaning of the language employed in a will. There are other subsidiary rules having the same purpose in view, but we find no room for their application in this case, and they will not be enumerated. All of them are perfectly familiar to the members of the bar, and because thereof we will not burden this opinion with any of the almost endless number of cases from this court sustaining and applying the general rule, as well as the subsidiary ones referred to.

The scope of the court's duty in such cases is so succinctly stated in the annotation in 54 A. L. R., page 97, that we insert it. It says:

"The intention of a testator is to be collected from the whole will, and from a consideration of all of the provisions of the instrument, taken together, rather than from any particular form of words. The intention is not to be gathered from detached portions alone, and the court should not consider merely the particular clause of the will which is in dispute. The language employed in a single sentence is not to control as against the evident purpose and intent as shown by the whole will; in other words, a will is not to be construed per percella, but by the entirety. As sometimes expressed, the intent is to be ascertained from a full view of everything within the 'four corners of the instrument.' If the whole will clearly indicates what was the testator's intention, the rules of law which aid in the construction of wills need not be invoked. 8 R. C. L., pp. 215-217."

That annotation follows the case of Anderson v. Gibson, an Ohio case reported in 116 Ohio St. 684, 157 N. E. 377, 54 A. L. R., page 92, and which involved the interpretation of a will reading: "I Margaret Gibson Anderson, bequeath all my worldly goods to my dear husband, Edward Anderson." The Supreme Court of Ohio traveled the route above indicated and concluded that the will embraced not only all of the personal property of the testatrix, both tangible and intangible, but likewise all of her real estate, a portion of which was valuable real estate in Hamilton, Ohio. A number of cases are cited and commented on in the annotation sustaining the conclusion of the Ohio court and including some English opinions in which the words "goods" or "worldly goods" were the descriptive ones employed in the wills under consideration, and in every one of them it was held that, in the absence of any modifying or qualifying language, the terms were broad enough to include all the property of the testator, even real estate. However, in some of the opinions referred to in that annotation the same terms were restricted so as not to include real estate, or even all of the testator's personal property, but which conclusion was because of the application of the ejusdem generis doctrine with which the profession is familiar.

But, as stated, in the absence of words calling for the application of that doctrine, or of others found in some portion of the will, the court invariably construed the terms "goods" or "worldly goods" as sufficiently comprehensive to include the entire holdings of the testator. It is also stated by the annotators that "the term 'goods and effects' is broader than the word 'goods,' and has generally been held to pass realty as well as personalty." One case cited in support of that statement is In re Spriggs' Estate, 70 Mont. 272, 225 P. 617, and of the same tenor is the holding of this court in the case of Dickson v. Dickson, 180 Ky. 423, 202 S. W. 891, L. R. A. 1918F, 765, wherein we approved the general rule for the guidance of courts in construing wills as is stated in the excerpt from the annotation supra. In the Dickson Case we were called upon to construe the expression "household furnishings and effects," and we said that the word "effects" embraced all of the personal property of the testator; there being no real estate to which the term could possibly apply. The definition of the noun

"belongings," as given in 7 C. J. 1043, is "goods or effects," and we have seen that courts generally construe the word "goods" as sufficiently comprehensive to include at least all personal property of the testator, and some courts adjudge it to embrace real property also; while we, in the Dickson Case, supra, gave the same comprehensive application to the word "effects."

The word "belongings" denotes ownership and is generally understood as including the property that one owns and it is quite frequently employed in that broad sense. And so, the New York court in the case of In re Churchfield's Will, 99 Misc. Rep. 682, 165 N. Y. S. 1073, construed the word to include all of the testator's estate "both real and personal"; the language of the court in doing so being: "The common usage of the word 'belongings,' at least by a lay mind, includes all property, whether real or personal, and there is nothing in this will to show a contrary intent." Supporting that statement, the court cited the case of Lee v. Moore's Ex'r, 93 S. W. 911, 29 Ky. Law Rep. 495. In that case some specific devises were made and a residuary clause was added in these words: "All the balance of my belongings to belong to my wife now M. E. Moore to be for her disposal and for her use," etc. In determining the intention of the testator, by the employment of the word "belongings" in the residuary clause of his will, to embrace all of his property both real and personal not otherwise disposed of, this court in that opinion said:

> "The word 'belong' or 'belonging' is used several times in the will, and it is apparent that the Testator understood the meaning of the word. When he said that all the balance of his belongings was to belong to his wife, he evidently used the word 'belonging' and 'belong' in the same sense, and meant that all the remainder of his property was to be the property of his wife."

In the case of Torrey v. Torrey, 70 N. J. Law, 772, 59 A. 450, 451, the court had under consideration the phrase "worldly goods," and interpreted it, from the setting it occupied in the will under consideration, to include all kinds of property, both real and personal, and in the course of the opinion it is said:

> "It is therefore quite credible that the testator by these words meant all that he had. Whether

such was his meaning must be determined, not by giving the attention to single words, but by considering the entire will and the surroundings of the testator when he executed it, and by ascribing to him, so far as his language permits, the common impulses of our nature.''

The opinion then proceeded to say, in substance, that in arriving at that conclusion special attention should not be given to single words, but upon a consideration of the entire will in the light of the surroundings of the testator when it was executed and in view of the presumption that he intended to dispose of his entire estate. We repeat that there is nothing appearing in the will of Mrs. Wade calling for a restricted application of the words ''personal belongings'' except, perhaps, that she intended to embrace therein only personal property, since she expressly devised to Mrs. Holloway her real estate. We have seen that the term so unrestricted by other language in the will would, perhaps, include real estate as well as personal property, but the testatrix in this case evidently thought otherwise and expressly mentioned her real estate as a part of her property devised to her niece.

Recapitulating, we have this situation: Mrs. Wade, the testatrix, evidently either wrote herself or dictated her will, so that, if not entirely holographic, it is so in its nature. It was evidently not drafted by an expert. She had been a member of the Holloway family for as much as or more than fifteen years, with her other relatives located elsewhere. Bonds of affection for the members of the Holloway family had arisen during that time. She employed the phrase in contest (''personal belongings'') in a comprehensive sense that both lexicographers and courts attribute to it with no other expression in her will to indicate a restricted meaning, and which latter, if adopted, would result in the testatrix disposing of but a small fractional part of her estate, thus ignoring the well-settled presumption, supra, that a will should be construed so as to carry out the presumed intention of the testator to not die intestate as to any portion of his property. In addition we have the Lee and the Dickson Cases very much in point and sustaining the judgment appealed from; the first one of them construing the same expression as is found in the instant will. We, therefore, are unable to arrive at any other conclusion than the con-

struction adopted by the trial court, since to hold otherwise would not only ignore the opinions, supra, both domestic and foreign, but would likewise violate the fundamental rule for the interpretation of wills; i. e., so as to carry out the intention of the testator as expressed in the entire language of his will with the help of the well-recognized rules for the ascertainment of that intention.

But it is insisted that such conclusions should not be adopted because, if literally followed, it would result in the devise of all of Mrs. Wade's property to her niece, Naomi Holloway, and thereby deprive the other named specific devisees from obtaining their portions. But such conclusion does not necessarily follow, since it is made perfectly plain that the specified devises should first be paid and then all of the remaining property of testatrix should pass to Mrs. Holloway under the term "personal belongings." Nor do the cases, foreign or domestice, cited and relied on by counsel for appellant, militate against such construction. In each of them the will contained language clearly indicative of a restricted application of the word or phrase to be construed and the cited texts from 28 R. C. L. 227, sections 189, 190 and 229, and from volume 40 Cyc., pages 1409 and 1412, clearly recognize the rules hereinbefore stated, and by which we have been guided in our effort to construe the will under consideration.

We therefore conclude that the judgment appealed from was and is correct, and it is affirmed.