Carroll,
May 2, 1939. } No. 3076.

MARION B. COWAN & a., *Ex'rs v.* JAMES W. COWAN & a.

*Cooper & Hall,* for the plaintiffs.

*Snow & Peyser (Mr. Peyser* orally), for certain heirs-at-law.

*Cheney, Nighswander & Lord (Mr. Nighswander* orally), for Christian Church of Wolfeboro.

ALLEN, C. J.   I. The automobile and tools were kept in a stable, which was a building on the testator's homestead.   The "house" devised to the testator's widow for life is clearly to be read as inclusive of the land and buildings comprising the homestead, and those articles were therefore a part of "the contents of all kinds" bequeathed with the devise of the life estate.   The first question is answered in the affirmative.

II. The will places certain property in trust, with full beneficial disposal of it.   The property is described in Clause 5 of the will as "my Estate," and the issue of construction is whether the property consists of the entire residuary estate or only of the testator's real estate with the trust of the homestead being deferred until the death of his widow before it was to become operative.

In a style terse and concise and drawn without the aid of expert skill, the will exhibits a comprehensive plan for the disposal of the entire estate.   While it contains no specific and separate residuary clause, the "estate" placed in trust is construed to mean all of it constituting the residue.   The case is not one of omission through inadvertence or intention to make a disposal of the residue, but is one of an executed intention thus to dispose of it.   If in place of the language used the will read: "Subject to the other provisions hereof,

I give my estate in trust," with a naming of the trustee and the provisions for the beneficiary interests, it would clearly be a disposal of all the residue. The language employed is an equivalent therefor, without great resort to the presumption against partial intestacy. Conceding that a purpose of partial intestacy may be translated into a purpose that the residuary personalty should be distributed according to intestate inheritance, it is not a purpose expressed by the will. The will's silent omission may disclose the purpose, but the omission, and not the will, announces it. It is not as though the will contained a clause providing that the residuary personalty should be distributed as it would be without the clause. Such a clause would establish full testacy, but its omission does not indicate that full testacy is not otherwise established. The indication is of full testacy, so far as the presumption against partial intestacy may be logically employed as an instrument of construction.

Various features and aspects of the will combine to confirm this view of full testacy. No purpose is shown that the testator's heirs-at-law were to receive more than their bequests. As to one of them, the nominal bequest of one dollar was an employment of a customary method of disinheritance. It signified a purpose that the legatee was to have no share of the estate, the nominal bequest being given to indicate that the heir was in mind and was not to be an object of any bounty. A clear intention to such effect appearing as to that heir, any intention that the other heirs were not to be limited to their legacies would naturally and logically have been expressed. In the sense of completeness in provision for them they were all treated on an equality of standing.

In another aspect, no reason has been suggested to explain the assignment only of real estate to form the trust for charity. If the intention had been that the Christian Church should not eventually have the income of all the residue, an assigned part of it in amount would probably have been bequeathed rather than a part determined by its character, as a more natural and reasonable provision. And, as counsel have pointed out, the occasion for naming a non-resident trust company as trustee if only the proceeds of local real estate were to be the trust fund, is difficult to understand. The fund would not be much over $3,000 in amount until the death of the widow, with $4,000 or whatever is then obtained for the homestead, to be at that time added. On the other hand, with the residue of personal estate added, the fund should eventually exceed $30,000, after deductions in the settlement of the estate. There is then an evidently

practical occasion for a corporate trustee. Although the trustee named is disqualified to be appointed, being a non-resident, the testator's designation of it bears on his purpose that the fund, to be sufficiently substantial to make corporate trusteeship expedient and judicious, should include more than the real estate. The right of a person to make a will unreasonable, impractical and unfair in its terms and provisions, is not doubtful. But in resolving doubts of the meaning of the language used, the rule as declared in *Kendall* v. *Green*, 67 N. H. 557, 563, and since repeatedly affirmed, that reasonableness in operation and effect is to prevail over unreasonableness, is properly invoked.

Counsel for the heirs-at-law place much stress upon the point that even if the trust is of the entire residue, the will gives the widow less than if there were no will. It is argued that since she may waive the will and take as her share in the estate a substantially larger part of it than the will provides for her, under any construction of it, the testator intended to make no disposal by his will of his residuary personalty. It is said that in view of her right to waive he would naturally give her as much, or leave it open by partial intestacy, so that she would have as much as she would receive by waiving.

The argument is illogical. The statute providing for a widow's waiver (P. L., *c.* 306, *ss.* 10, 11) is divisible as between real and personal estate. As to real estate, the widow's interest here as devised by the will is the same whether the view of full or incomplete testacy be adopted. Concededly there is no intestacy of any part of it. Hence, her waiver of the will in respect to it and of her dower and homestead rights would make no difference in gain to her and loss to the other beneficiaries of the trust, under either view.

As to personal estate, disregarding the tangible personalty, which has no great value, under the view of partial intestacy she would receive as much as under that of full testacy upon waiving. Under the view of full testacy the other beneficiaries of the trust would suffer a reduction of the trust fund by her waiver, but there would remain for it the part which she did not acquire by the waiver. Under the view of an intestacy of the residuary personalty, the heirs-at-law would take such part. Hence, the argument that the will was drawn to deter a waiver comes to but little. It amounts to a proposition that rather than take the chances of a waiver by his widow the testator elected, by intestacy, to favor his heirs-at-law, for whom the will discloses no marked favor, at the expense of the benevolences for which the will discloses a greater interest of provision. Assuming his

recognition of his widow's indefeasible rights of waiver, it may also be assumed that he contemplated his possible survival of her, in which event all provision for her would lapse. And there is no probability that he expected mercenary motives to be the only consideration upon which his widow would decide whether or not to waive. The issue of partial intestacy is not to be resolved by a conjectural inference that the will planned an interest for the widow substantially equal in value to what she would receive in an exercise of her statutory rights of waiver. It is more probable that the testator's design was to leave his residuary estate to charity subject to the provisions made for his widow or subject to her statutory rights as she might elect between them.

It follows that a purpose of partial intestacy is not disclosed by the will on the ground that under the view of full testacy she will receive less than by exercising her rights of waiver. No attempt to deter her from waiving is shown by the view of incomplete testacy, since the inducement to waive is then greater than under the view of full testacy. Waiver would be necessary in partial intestacy, because the will gives her an admitted interest in the tangible personalty. Without waiving it she would have no share in the residuary personalty. Under the view of full testacy the beneficiaries of the trust other than the widow will receive more than under that of incomplete testacy, even if she waived under the former view but not under the latter. Their loss of interest in the real estate through a waiver would be substantially less than their interest in the residuary personalty remaining after the waiver.

Consideration of the widow's rights of waiver is accordingly of negative value in the construction of the will. The will would be no different in effect if it expressly recognized them and established the trust subject to her exercise of them as well as subject to her survival of the testator.

The will devises and bequeaths all of the testator's estate.

*Case discharged.*

All concurred.