---

Miller & Dreyer, Gonzales, Graves, Dougherty & Greenhill, Austin, for appellants.

Paul T. Holt, Victor B. Rogers, James R. Meyers, Coleman Gay, Austin, for appellees.

HUGHES, Justice.

This suit was brought by Donald M. Maddox and Margaret Maddox Reid, appellees, to construe the will of May Maddox Gilbert [1] who died in Travis County January 14, 1956.

Appellees are the only heirs at law of decedent.

Appellants are the Austin National Bank, named as executor and the Damon Runyon Memorial Fund for Cancer Research, Inc., the Heart Fund of the Austin-Travis County Heart Association, Boys Ranch, Inc., and Gonzales Warm Springs Foundation for Crippled Children, Inc., named as beneficiaries in the will of May Maddox Gilbert.

We believe that it will add to this opinion to reproduce the will here in its original form, since it was wholly in the handwriting of testatrix:

## GONZALES WARM SPRINGS FOUNDATION FOR CRIPPLED CHILDREN, Inc., et al., Appellants,

### v.

### Donald M. MADDOX et al., Appellees.

### No. 10502.

Court of Civil Appeals of Texas.

Austin.

July 3, 1957.

Rehearing Denied Aug. 7, 1957.

1. "I, May Maddox Gilbert being of sound mind and disposing memory, and desiring to settle my wordly affairs while I have strength to do so, do make this, my last will and Testament hereby revoking all others heretofore by me made.

"I desire a Christian burial as befitting my station in life, to be directed by Cooks Funeral Home. My Pastor conducting the services.

"I desire and direct that my just debts be paid without delay—My Executor, The Austin National Bank.

"It is my will and desire that all property (real & personal) be appraised and sold and all moneys in banks, (Savings and Checking account) I may die possessed of be awarded as follows:—W. Winshell's [sic] Damon Runyon Cancer Fund; The Heart Fund The Texas Gonzales Warm Springs Foundation Boys Ranch in West Texas."

Austin, Texas
June 15, 1954

I, May Maddox Gilbert being of sound mind and disposing memory, and desiring to settle my worldly affairs while I have strength to do so, do make this, my last will and testament hereby revoking all others heretofore by me made.

I desire a Christian burial as befitting my station in life; to be directed by Cook's funeral Home. My Pastor conducting the services

I desire and direct that my just debts be paid without delay. My Executor, The Austin National Bank.

It is my will and desire that all property (real & personal) be appraised and sold and all moneys in banks, (Savings and Checking account) I may die possessed of be awarded as follows;—

W. Winshell's Damon Runyon Cancer Fund

The Heart Fund

The Texas Gonzales Warm Springs Foundation

Boys Ranch in West Texas

Signed May Maddox Gilbert
Witness Rozel Hay Brown
Witness Ruth Bledsoe

The Trial Court construed this will as disposing only of the money in banks, savings and checking accounts, to be divided equally among the four charities named, and that decedent died intestate as to all other property which she may have owned at death which, by the judgment was vested in appellees as the only surviving heirs of the testatrix.

We cannot accept this construction of the will.

This case has been briefed skillfully and with meticulous care and we have read the briefs of all parties with much pleasure. It is not deemed necessary, however, that we review the many cases cited. No case has been found which is factually in point and the principles for construing wills are well settled.

Counsel for appellants press upon us the principle that raises a presumption against partial intestacy. Counsel for appellees counter with the principle which raises a presumption against disinheritance of blood relatives.

It is not necessary that we weigh these presumptions against each other because, as we view the will, the intent of the testator is to be clearly gleaned therefrom without the aid of any presumptions or special rules for construing wills except perhaps the rule which minimizes the effect of punctuation used by a testator.

When Mrs. Gilbert sat down to write her will she had in mind writing a will, the settling of her worldly affairs, the nature of her estate, the naming of an executor and the charities who were to be her beneficiaries. As to this the will is evident.

Appellees say, however, that no matter what may have been in the mind of Mrs. Gilbert she failed to execute her intentions and drew an incomplete will. The critical paragraph of the will is:

"It is my will and desire that all property (real & personal) be ap-praised and sold and all moneys in banks, (Savings and Checking account) I may die possessed of be awarded as follows: * * *"

Mrs Gilbert was not a lawyer. She was, however, writing a legal instrument and using legal terms. With this in mind and carrying an awareness of the task and plan which Mrs. Gilbert was undertaking to perform and execute we will analyze this paragraph of the will as she proceeded to write it.

Being conscious of the nature of her estate and the non-commercial nature of her beneficiaries she concluded that her tangible property should be sold. She wrote then "that all property (real & personal) be appraised and sold." The thought then must have occurred to her that it was not fitting to provide for the appraisal and sale of the money which she knew she had in banks and in order to avoid possible partial intestacy and so that there would be no doubt about her intentions she specified that money in banks should pass under her will.

To us this train of testatrix' thought is logical and fairly inferred from the face of the will.

To test this paragraph another way. Suppose the reference to money had been omitted and it read "It is my will and desire that all property (real & personal) be appraised and sold I may die possessed of be awarded * * *"

Could it be reasonably contended then that testatrix had made a will disposing of no property? Such language, awkward as it may be, certainly would not be so construed. When we add the omitted words "and all moneys in banks" the obvious intent of testatrix was to add to the estate passing under the will. Certainly it evidences no intent to lessen such estate. In our opinion such words were surplusage and in no wise affected the estate passing under the will and can only be accounted

for by the incongruity of having provided for the sale of cash.

We make one further observation. If one mark of punctuation is moved all possible doubt regarding the meaning of the critical paragraph of the will is removed. If the parenthesis following the word "personal" be moved to follow the word "sold," the paragraph would then read: "It is my will and desire that all property (real and personal be appraised and sold) and all moneys in banks, (Savings and Checking account) I may die possessed of be awarded as follows:"

So reading the will has perfect clarity of expression and intent.

While we do not believe resort to this expedient necessary here we are of the opinion that it could be done to prevent a distorted construction of the will which would follow if we agreed with appellees as to the proper construction of the will as written and punctuated.

In Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800, 803, 127 A.L.R. 1217, the Court stated:

"The following rules with reference to punctuation have been announced: The words, not the punctuation, are the controlling guide in construing a contract. If the meaning of the words is clear the court will interpret a contract according to their meaning and without regard to the punctuation marks or the want of them."

This rule was applied to wills in Powers v. First National Bank of Corsicana, 138 Tex. 604, 161 S.W.2d 273, 281, the Court saying:

"We do not believe that the use, misuse or nonuse of a comma should be regarded as determinative of the testamentary intent of Mrs. Hofstetter or, indeed, as of any particular significance in that regard. Although it has been said that the courts may insert punctuation when necessary to effectuate the true intent, 3 A.L.R. p. 1068, note IV, and that punctuation may be resorted to for solution of an ambiguity which it has not created, Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800, 803, 127 A.L.R. 1217, proper punctuation, especially the use of the comma, is so fraught with uncertainty and arbitrariness that its rules cannot be considered so inflexible as to control and determine the meaning of language of which it is, after all, not a part, Empire Ins. Co. v. Cooper, Tex.Civ.App., 138 S.W. 2d 159, so we prefer to say that neither the presence nor the absence of a comma in the quoted sentence either creates ambiguity or removes it from the will, Anderson & Kerr Drilling Co. v. Bruhlmeyer, supra. In other words, we shall take the instrument by its four corners and determine its meaning from its language and, having ascertained from the arrangement of its words, as the same were employed by Mrs. Hofstetter, what its meaning is, construe it accordingly, without regard to commas or their absence. Only if and after that method fails would we be warranted in resorting to the position of a comma to determine Mrs. Hofstetter's testamentary intent. See 12 Am.Jur., sec. 256, p. 799; 17 C.J.S. Contracts § 306, p. 723."

The Annotation in 3 A.L.R. at page 1068, cites United States Fidelity & G. Co. v. American Bonding Co., 31 Okl. 669, 122 P. 142, as authorizing the use of parentheses to show the intent of parties to a contract and quotes the Court:

"This intent is made clear by inserting parentheses as we have done supra, by the use of which is indicated the part to be excluded from a sentence or to indicate as interpolation. Webster, Int. Dict. To give effect to the whole, or to make clear the intent, the use of parentheses is permissible."

Our construction of Mrs. Gilbert's will is the same whether the parentheses in the critical paragraph are respected, ignored or moved. It is that the appellant charitable organizations take decedent's entire estate under her will and that appellees have no interest therein.

The judgment of the Trial Court is reversed and judgment is here rendered in accordance with this opinion.

Reversed and rendered.