Velma E. GOGGANS, Appellant,

v.

Enloe SIMMONS et al., Appellees.

No. 15964.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 19, 1958.

Rehearing Denied Jan. 16, 1959.

Shields, Jones, Whittington & Chandler and Ewing Jones, Dallas, for appellant.

Fred H. Alexander, Dallas, for appellee Enloe Simmons, Executor.

John McGlasson, Waco, for appellees Fred and Catherine Goggans.

James & Conner, Fort Worth, for appellees Grand Royal Arch Chapter of Texas and Home for Aged Masons at Arlington, Tex.

Edward B. Winn, Dallas, for appellee Mercantile Nat. Bank at Dallas.

J. Edward Johnson, Dallas, for appellee Methodist Home, Waco.

BOYD, Justice.

This suit was filed by Enloe Simmons, executor of the estate of Dr. Roy Goggans, to construe the holographic will of Dr. Goggans, dated October 29, 1951. From a judgment decreeing that testator did not die intestate as to any property, and that all his property not specifically devised and bequeathed by the terms of the will became a part of the residuary estate, the widow, Velma E. Goggans, appeals.

Dr. Goggans was twice married. His first wife died in 1949. He was married to appellant on November 10, 1951. He died on November 4, 1956. No child was born to either marriage, and none was adopted.

The portions of the will material here are as follows:

"* * * Then, after my just debts and funeral expenses are paid out of my estate by my executor, I desire and instruct my executor to dispose of the remainder of my estate as follows:

"1. I give and bequeath to Miss Velma E. Read of Blum, Texas, who is now Espoused to become my wife on or about Nov. 11th, 1951, the sum of Twenty five thousand ($25,000.) dollars in cash and also my one half interest in the home I now own and occupy at 4215 Rawlins St., Dallas, Tex., together with all the furnishings therein. * * * but the furnishings therein and, all my personal belongings, shall pass to Miss Velma E. Read, (or Mrs. Roy Goggans, as the case may be at my death) to hold or dispose of as she may see fit."

Then followed gifts of proceeds of life insurance to Derwood Goggans and Fred Goggans, nephew and brother, respectively, of deceased, and the gift of a house and lot in Hillsboro to Fred Goggans and his wife. The will continues:

"4. My two farms at Midlothian, Tex. which total two hundred and twenty one acres, more or less, will be sold by my executor, as soon as convenient after my death but for no amount less than their actual value and reasonable sale price at that time; and he may accept all cash for the sale, or one half cash and the balance in vendors lien notes, payable in ten years with interest, and then he will turn over all the cash and notes from this sale, together with all the remaining cash, which I now have in several banks in Dallas, and also in my other lock box in the National Bank of Commerce, Dallas, Tex. to the Trust Department of the Mercantile National Bank of Dallas, Tex. and I hereby request them to accept custody of all the remaining funds, vendors lien notes, cash in the banks, Government bonds, which I may have left, after payment of the twenty five thousand dollars in cash to Velma Read-Goggans, by my executor, as already directed, and hold these funds and securities in trust for the benefit of my brother, Fred Goggans and his wife Catherine Goggans of Hillsboro,

Tex, giving them, jointly, a monthly allowance sufficient for their living expenses, and any emergency, medical and dental expenses, that may be incurred by either of them, until my brother Fred Goggans becomes deceased. Then after his funeral expenses are paid, this trust will be terminated and the Mercantile Trust Department is instructed to turn over and convey the balance of these funds from my estate to two separate institutions, the first one is to be the Home for Aged Masons at Arlington, Tex. and the second institution will be the Methodist Orphans Home of Waco, Tex. giving them each, share and share alike and dividing the remainder of these funds and securities, if any, between them equally.

"5. I also have four vacant lots in Hillsboro, Tex. adjoining the home at 308 Line St. and facing on Hall St. which I also want my executor to dispose of and sell in the same manner as he will do with my farm lands, including the proceeds from any of them that I may still have in my possession, with the balance of the funds in trust for Fred and Catherine Goggans at Hillsboro. At this date I have funds on deposit in each of the following banks: 1. Oak Lawn National Bank of Dallas; 2. National Bank of Commerce, Dallas; 3. also the Dallas National Bank of Dallas; 4. First National Bank of Midlothian, Tex. & 5. Citizens National Bank of Hillsboro, Tex. and my bank books, will be found in my lock box, with this will, at the National Bank of Commerce, Dallas, Tex. Finally, I will constitute and appoint my good friend Mr. Enloe Simmons of Hillsboro, Tex. to act as my executor of this will."

There was an automobile which was community property. Testator owned some stock in Franklin National Life Insurance Company, which the court found was his separate property. There was money on deposit in various banks, some of the banks

not having been mentioned in the will. It is appellant's contention that Dr. Goggans died intestate as to all items of personal property not specifically bequeathed to anyone; and that the automobile and insurance stock were bequeathed to her by the will and were included in the bequest of "the furnishings therein (in the home) and, all my personal belongings."

We do not think there was any partial intestacy. After the direction as to debts and funeral expenses and the bequests to appellant, Derwood Goggans, and Fred Goggans and wife, the selling of the farms, and the turning over of the items mentioned to the Trust Department of the Mercantile National Bank, the Bank was requested to "accept custody of *all the remaining funds*, vendors lien notes, *cash in the banks*, Government bonds, *which I may have left, after payment of the twenty five thousand dollars in cash to Velma Read-Goggans*, by my executor, as already directed, and hold these *funds and securities* in trust for the benefit of my brother, Fred Goggans and his wife Catherine Goggans * * *." (Emphasis supplied.)

Where a person makes a will, it is presumed that he did not intend to die intestate as to a part of his property. 44 Tex. Jur., p. 707, sec. 148; Urban v. Fossati, Tex.Civ.App., 266 S.W.2d 397; Gonzales Warm Springs Foundation for Crippled Children v. Maddox, Tex.Civ.App., 304 S. W.2d 373. This presumption is particularly strong when the subject of the gift is a residuary estate. Carter v. Lewis, 364 Ill. 434, 4 N.E.2d 853, 108 A.L.R. 458; 57 Am. Jur., p. 756, sec. 1158, and Note 10.

The word "funds" in its broad meaning may include property of any kind. 37 C. J.S., p. 1403. The expression, "funds of an estate," used in a will, may mean any property of a testator. Sims v. McMullan, Tex. Civ.App., 22 S.W.2d 313; Etter v. Tuck, Tex.Civ.App., 91 S.W.2d 875; In re Tatum, 61 App.Div. 513, 70 N.Y.S. 634. We therefore think that Dr. Goggans' disposition of the remaining "funds and securities" disposed of all his personal property not otherwise disposed of in his will. All his real estate was specifically dealt with in other provisions of the will.

Although the question is·close, we agree with appellant that the testator's interest in the automobile was given to her by the terms of the will, and is included in the bequest of "the furnishings therein (in the home)˙ and, all my personal belongings."

The term "personal belongings" is a broad classification, and in the absence of restriction may include most or all of the testator's personal property. 57 Am.Jur., p. 891, sec. 1343; 96 C.J.S. Wills § 778, p. 183; Ford's Adm'r v. Wade's Adm'r, 242 Ky. 18, 45 S.W.2d 818, 80 A.L.R. 936.

Owing to different situations, and different expressions used by testators, precedents are not always helpful in construing particular clauses of wills. 95 C. J.S. Wills § 605, p. 805. They may aid, however, in establishing and applying general rules of construction. We shall notice but a few cases where the question was whether automobiles were included in such phrases as "personal belongings," "personal effects," and "household effects."

In Erwin v. Steele, Tex.Civ.App., 228 S. W.2d 882, 884, it was held that an automobile was not included in a bequest of " 'personal belongings, such as two diamond rings, family pictures and other personal belongings.' "

Mathis v. Causey, 172 Ga. 868, 159 S.E. 240, 75 A.L.R. 111, held that an automobile used by the testator, a physician, in traveling between his home and his office, did not pass under a bequest of all of his " 'clothing, personal jewelry, library, furniture, works of art, silverware, household goods, and other personal effects located at, and used or adapted for use in connection with, my residence * * * and at my office * * *.' "

On the other hand, in Hillhouse v. United States, 2 Cir., 152 F. 163, it was held that an automobile was exempt from import

duty under a statute exempting "Books, libraries, usual and reasonable furniture, and similar household effects." In Arthur v. Morgan, 112 U.S. 495, 5 S.Ct. 241, 28 L. Ed. 825, the same holding was made as to a carriage.

In re Burnside's Will, 185 Misc. 808, 59 N.Y.S.2d 829, 831, held that a bequest of " 'the residue of my household goods and personal effects' " included an automobile used for business and pleasure.

The court in Cowan v. Cowan, 90 N.H. 198, 6 A.2d 179, 180, held that an automobile kept in a stable on the homestead lot passed under a devise of the " 'house * * * and contents of all kinds,' " and that " 'house' " included land and buildings comprising the homestead.

In Chase Nat. Bank v. Deichmiller, 107 N.J.Eq. 379, 152 A. 697, 698, it was held that a devise of " 'my home * * * together with all the furniture, furnishings, household and kitchen utensils and all other chattels used * * * in said home' " included two automobiles, two cows, some chickens, and agricultural machines and implements. There it was said that " 'home' " meant not merely the dwelling house, but the entire residence estate.

In re Jones' Estate, 128 Misc. 244, 218 N.Y.S. 380, held that two automobiles, one largely used by the testator in his medical practice, passed under a bequest of "personal effects."

In re Winburn's Will, 139 Misc. 5, 247 N.Y.S. 584, 590, where the bequest was " 'my wearing apparel, jewelry and household effects, except paintings which at the time of my death are more than fifty years old,' " held that the phrase " 'household effects' " included a fur robe, a horse, two automobiles, and a cabin cruiser worth $5,500.

In re Bloomingdale's Estate, Sur., 142 N.Y.S.2d 781, 783, held that a bequest of " 'all my personal belongings and effects, and all my household and house furnishings and effects' " bequeathed a station wagon, two pickup trucks, one Ford automobile, two Cadillac automobiles, as well as a yacht costing $65,000.

We do not agree with appellant that testator's stock in Franklin National Life Insurance Company passed to her under the bequest of "personal belongings." This stock was not so intimately connected with the home and the person as was the automobile. It is no more thus connected than any other personal property. We think this stock was included in "the remaining funds * * * and securities" and was otherwise disposed of in the will.

The other points relate to charging the community estate with the funeral expenses of the testator, and to charging the expenses of administration proportionately to the separate estate of the testator and community estate

■ It seems to be the law that funeral expenses of a deceased spouse in a reasonable amount are primarily chargeable to the community estate. Goldberg v. Zellner, Tex.Com.App., 235 S.W. 870; Norwood v. Farmers & Merchants Nat. Bank of Abilene, Tex.Civ.App., 145 S.W.2d 1100, error refused; Richardson v. McCloskey, Tex. Com.App., 276 S.W. 680; Hocker v. Piper, Tex.Civ.App., 2 S.W.2d 997.

■ Nor do we perceive any error in the action of the court in charging expenses of administration proportionately to the separate estate of the deceased and the community estate. Appellant inveighs against the practice of administering on the estates of living persons and charging them with administration expenses. The decisions, however, seem to authorize what was done in this case. 14-B Tex.Jur., p. 185, sec. 1126; Huth v. Huth, Tex.Civ.App., 187 S.W. 523; Norwood v. Farmers & Merchants Nat. Bank of Abilene, supra; Lovejoy v. Cockrell, Tex.Com.App., 63 S.W.2d 1009.

The judgment is reformed so as to decree to appellant the automobile; in all other respects the judgment is affirmed.