Strafford County Probate Court
Nos. 92-646
    93-638

*In re* ESTATE OF EDITH J. TEAGUE

June 30, 1995

*Rinden Professional Association,* of Concord (*Paul A. Rinden* on the brief and orally), for the estate of Gertrude J. Rinden.

*Barron & Stadfeld, P.C.,* of Boston, Massachusetts (*Dorothy M. Bickford* on the brief and orally), for Edith A. Holley, the remainder beneficiary.

BATCHELDER, J. The estate of Gertrude J. Rinden (the Rinden estate) appeals the decision of the Strafford County Probate Court (*Cassavechia,* J.) denying its petition for further payment under the Edith J. Teague will, disallowing reimbursement for nursing home expenses, and awarding attorney's fees to the remainder beneficiary, Edith A. Holley. We affirm in part, reverse in part, and remand.

Edith Teague and Gertrude Rinden were sisters. Following the death of Edith Teague's husband, Gertrude Rinden moved from her apartment in New York City to the Teague farm in Rochester. Edith Teague died on March 19, 1987. Her will bequeathed the residue of her estate to her sister

> for as long as she shall live with the right to use the income of [the] estate for her living expenses and for the expense of maintaining the real estate and also with the right to invade the principal as much as necessary, in her sole discretion, for the purpose of paying her living expenses and for the purpose of maintaining the real estate.

Upon Gertrude Rinden's death, the remainder was devised to her daughter, Edith Holley, Edith Teague's niece.

Following disbursements to Gertrude Rinden of over $80,000 in a two-year period, the probate court ordered that she would receive all income from the Teague estate but that any invasion of principal would be allowed only by the court upon proof of necessity. Edith Holley concurred with the court's order. Accordingly, Gertrude Rinden received an additional $64,000 in income before her death at the Clipper Home in Rochester on February 29, 1992.

While her mother was at the Clipper Home, Edith Holley petitioned the probate court to construe the Teague will to determine whether nursing home care was part of "living expenses" recoverable from the Teague estate. The court ruled that "living expenses" encompassed

only those "incurred by Gertrude Rinden in conjunction with her residence on the Farm."

The Rinden estate moved for reconsideration. Edith Holley objected, contending that the motion was frivolous, and requested that the court assess against the executor of the Rinden estate personally "the legal fees incurred by Edith Holley in responding to this motion." Agreeing that the motion was frivolous and designed to prolong the proceedings, the probate court awarded attorney's fees.

On May 15, 1992, the Rinden estate petitioned the probate court for reimbursement from the Teague estate of living expenses and farm maintenance expenses incurred before Gertrude Rinden's death. In support of its position, the Rinden estate introduced Gertrude Rinden's handwritten account of income received and expended, as well as photocopies of numerous cancelled checks. After a hearing, the court ruled that "[t]he executor has failed to meet his burden of establishing the propriety of granting his requests." The Rinden estate appeals this ruling, the court's construction of the will, and the award of attorney's fees.

The Rinden estate first argues that the probate court erred in construing the Teague will to limit Gertrude Rinden's "living expenses" to those incurred while she was residing on the Teague farm. Specifically, the Rinden estate seeks reimbursement for Gertrude Rinden's nursing home expenses. When the probate court interprets a will, its task "is a limited one: to determine the intent of the testator as expressed in the language of the will." *Simpson v. Calivas,* 139 N.H. 1, 8, 650 A.2d 318, 323–24 (1994) (emphasis omitted).

The Teague will provided Gertrude Rinden *"for as long as she shall live* with the right to use the income of [the] estate for her living expenses *and* for the expense of maintaining the real estate and also with the right to invade the principal as much as necessary, in her sole discretion, for the [same purposes]." (Emphasis added.) Nothing in this language limits "living expenses" to those incurred while Gertrude Rinden was living at the Teague farm. Rather, the fact that the bequest applied "for as long as she shall live" mandates otherwise. Had the testatrix intended to limit the living expenses to those incurred while residing at the Teague farm, she could have provided for distributions to her sister "for as long as she shall live on the real estate."

Nor does the use of the conjunction "and" alter our view. The will provides Gertrude Rinden with living expenses *and* the expense of maintaining the farm. The former is not dependent upon the latter. That Edith Teague intended to deny her sister living expenses because she was physically incapable of remaining on the farm does not follow

from the plain meaning of the words she chose to evidence her intent. Although Edith Teague undoubtedly had the right to draft her will to exclude the nursing home expenses at issue here, "in resolving doubts of the meaning of the language used, the rule . . . that reasonableness in operation and effect is to prevail over unreasonableness, is properly invoked." *Cowan v. Cowan,* 90 N.H. 198, 201, 6 A.2d 179, 181 (1939).

We will not disturb the probate court's construction unless it is unsupported by the evidence or plainly erroneous as a matter of law. *See In re Lisa H.,* 134 N.H. 188, 191, 589 A.2d 1004, 1006 (1991). The probate court's determination that the Teague will provided only for Gertrude Rinden's living expenses while residing on the farm is, however, such a construction. We therefore reverse and remand. On remand, the Rinden estate will have the burden of proof to show entitlement to reimbursement for these nursing home expenses.

The Rinden estate next contends that the probate court erred in awarding attorney's fees to Edith Holley for responding to its motion for reconsideration of the "living expenses" construction. *See* PROB. CT. R. 9. Our decision above is dispositive. Because we have determined that the probate court erred in its construction of the Teague will, the Rinden estate's request for reconsideration of that construction was not "frivolous." Although the probate court's award notes a course of conduct designed to needlessly prolong the proceedings, the grant of attorney's fees rested solely on the motion for reconsideration and cannot stand given our holding on the underlying construction. Consequently, we reverse.

Lastly, the Rinden estate appeals the probate court's ruling that it failed to prove that certain expenses incurred by Gertrude Rinden were recoverable from the Teague estate. On appeal, "we are guided by the rule that the trier of fact is in the best position to measure the persuasiveness and credibility of evidence and is not compelled to believe even uncontroverted evidence." *In re Buttrick,* 134 N.H. 675, 676, 597 A.2d 74, 75 (1991) (quotation and brackets omitted).

■ To support its argument at the hearing, the Rinden estate introduced Gertrude Rinden's handwritten account of money "received" and money "used." It also offered photocopies of numerous cancelled checks which, it contended, evidenced living expenses under the terms of the Teague will. This evidence alone, however, even though uncontroverted, was insufficient to compel a ruling that the Rinden estate met its burden of proof.

The Teague will provided for Gertrude Rinden's "living expenses and for the expense of maintaining the real estate." Even if the proffered expenses were indeed within this category, the Rinden estate failed to prove that these expenses were paid with anything other than funds previously disbursed from the Teague estate. Both

Gertrude Rinden's attorney and her son, the executor of her estate, conceded that they had no idea what had happened to the substantial disbursements made to Gertrude Rinden from the Teague estate during her lifetime. Absent some evidence that this money was insufficient to meet her living expenses and the expenses of maintaining the farm, the probate court could reasonably determine that the Rinden estate failed to meet its burden of proof that further disbursements were required. Accordingly, we find no error in the probate court's denial of the Rinden estate's petition for reimbursement of these expenses.

*Affirmed in part; reversed in part; remanded.*

All concurred.