Certified question is answered in the negative.

Robert S. CALVERT, Comptroller of Public Accounts of the State of Texas et al., Appellants,

v.

FORT WORTH NATIONAL BANK, Independent Executor of the Estate of Frank Taylor, Deceased, Appellee.

No. 10850.

Court of Civil Appeals of Texas.

Austin.

June 14, 1961.

Rehearing Denied July 5, 1961.

Will Wilson, Atty. Gen., W. V. Geppert, W. E. Allen, Asst. Attys. Gen., Austin, for appellants.

Stone, Parker, Snakard, Friedman & Brown, James A. McMullen, III, Fort Worth, for appellee.

HUGHES, Justice.

The Fort Worth National Bank, as independent executor of the Estate of Frank Taylor, deceased, brought this suit against the Honorable Robert S. Calvert, the Honorable Will Wilson and the Honorable Jesse James, Comptroller of Public Accounts, Attorney General and Treasurer of the State of Texas, respectively, in their official capacities, to recover inheritance taxes claimed to be due the State by such executor under Art. 14.01 et seq., Taxation General, Vol. 20A, Title 122A, Vernon's Ann.Civ.St., and paid by the executor under protest in accordance with the provisions of Art. 7057b, V.A.C.S.

In a nonjury trial, judgment was rendered for the Executor.

The material facts were stipulated and are:

Frank Taylor, a resident of Tarrant County, died April 19, 1957, leaving a written will, duly probated, by the terms of which the Bank was appointed Independent Executor of decedent's estate, and which will provided, in part:

"It is my purpose by this will to dispose of all property belonging to me and the entire community estate of myself and my wife, Pearl S. Taylor; that is to say, with respect to such community estate it is my purpose by this will not only to dispose of my interest but also the interest therein of my wife. It is my belief that her welfare would be best served by the disposition which I am herein making of our entire community property, and it is my sincere wish that my wife elect to take under this will rather than to take her one-half of the community estate independently thereof."

This will provided for certain benefits to Pearl S. Taylor should she elect to take under the will, and it provided for certain other benefits to her in the event she should not elect to take under the will. The will also made bequests to relatives and friends.

In the event Mrs. Taylor elected to take under the will, a testamentary trust was established which provided that she would receive the income of the trust or $500 per month, whichever was greater, for life, and that upon her death the trust would terminate and the property then on hand would be divided one-half to the heirs of Frank Taylor and one-half to three named relatives of Pearl S. Taylor.

At the time of his death, Mr. Taylor owned separate property of the value of $1,750.23, and he and Pearl S. Taylor, at such time, owned a community estate of the net value of $185,190.64.

Subsequent to the probate of the will of Frank W. Taylor, the widow, Pearl S. Taylor, elected to take under such will as is evidenced by the following instrument executed by her:

"No. 26982

| Estate of Frank Taylor, Deceased | In the County Court of Tarrant County, Texas Sitting in Probate |
|---|---|

"Election to Take Under Will

"Now Comes Mrs. Pearl S. Taylor, a resident of Tarrant County, Texas, and the surviving wife of Frank Tay-

lor, deceased, and with respect to the Will of her deceased husband, Frank Taylor, dated October 2, 1950 and heretofore duly admitted to probate by the County Court of Tarrant County, Texas, in this proceeding, respectfully says:

"That she elects to take under such Will and to receive the benefits provided for her therein, and recognizes and acknowledges that said Will validly disposes of the entire community estate of herself and her deceased husband; and she relinquishes such interest in the community property as she might otherwise have had except for such Will and her election to take thereunder, all in consideration of the benefits accruing to her under said Will and the agreement on the part of the Executor herein that any Gift Tax arising because of her action evidenced by this instrument will be paid out of the estate disposed of by said Will.

"In Testimony Whereof, witness the signature of the said Pearl S. Taylor this the 18th day of July, 1958.

"s/ Pearl S. Taylor
"t/ Pearl S. Taylor"

We copy from the stipulation the computation of the taxes due according to the contentions of the parties:

"The Order fixing the amount of the inheritance tax and the notice of assessment thereof treated all of such property, including the one-half community interest of Pearl S. Taylor, as being subject to the State of Texas inheritance tax. The amount of the State of Texas inheritance tax thus computed was $5,137.82, which is a correct computation of the tax when computed including both the separate property of Frank Taylor and the entire community property of Frank Taylor and Pearl S. Taylor.

"The tax thus computed as to Pearl S. Taylor and the other beneficiaries under the will of Frank Taylor are as follows:

| "Beneficiary and relationship to decedent | Appraised actual market value | Statutory Exemption | Taxable cash value | Rate | Tax fixed |
|---|---|---|---|---|---|
| | Dols. cts. | | Dols. cts. | | Dols. cts. |
| Mary T. Hallam Sister | 23,459.48 | 10,000.00 | 13,459.48 | 3% | 403.78 |
| George Taylor Brother | 23,459.48 | 10,000.00 | 13,459.48 | 3% | 403.78 |
| Sam L. Taylor Brother | 23,459.48 | 10,000.00 | 13,459.48 | 3% | 403.78 |
| Mrs. Glenn Humble None | 35,189.22 | 500.00 | 34,689.22 | 5–8% | 2,190.14 |
| Mrs. R. C. Wilson None | 11,729.74 | 500.00 | 11,229.74 | 5–6% | 578.78 |
| J. B. Segrest None | 11,729.74 | 500.00 | 11,229.74 | 5–6% | 578.78 |
| Mrs. May Decker None | 11,729.74 | 500.00 | 11,229.74 | 5–6% | 578.78 |
| Pearl S. Taylor Wife | 44,433.77 | | | | |
| | | | | | $ 5,137.82 |

"This computation further contained the following statement 'Since Mrs. Taylor did not receive more than her one-half community interest plus the $25,000.00 statutory exemption, she is not subject to the tax.'

"When the State of Texas' inheritance tax is computed on the basis of the value of Frank Taylor's separate property and his one-half interest in the community property of Frank Taylor and Pearl S. Taylor, it is $1,444.02.

"The tax thus computed as to Pearl S. Taylor and the other beneficiaries under the will of Frank Taylor is as follows:

| "Name of Beneficiary and Post Office Address | Relationship to decedent, whether minor or adult, age if life tenant, interest received | Actual Market Value | Statutory Exemption | Net Taxable Value | Rate | Tax Claimed Due |
|---|---|---|---|---|---|---|
| Pearl S. Taylor—Forth Worth, Texas—wife | | | | | | |
| ½ house | | $ 3,750.00 | | | | |
| ½ household furniture, etc. | | 2,380.00 | | | | |
| $6,000.00 per year times expectancy 4.65125 | | 27,907.50 | | | | |
| | | $34,037.50 | 25M | $9,037.50 | 1% | 90.38 |
| Mary T. Hallam—sister | | | | | | |
| ⅓ of ½ residue | | 9,416.05 | 10M | .00 | | .00 |
| George Taylor—brother | | | | | | |
| ⅓ of ½ residue | | 9,416.05 | 10M | .00 | | .00 |
| Sam L. Taylor—brother | | | | | | |
| ⅓ of ½ residue | | 9,416.05 | 10M | .00 | | .00 |
| Mrs. Glen Humble—no relation | | | | | | |
| ½ of ½ | | 14,124.07 | 500 | 13,624.07 | 5-6% | 722.44 |
| Mrs. R. C. Wilson—no relation | | | | | | |
| ⅙ of ½ residue | | 4,708.02 | 500 | 4,208.02 | 5% | 210.40 |
| Mrs. May Decker—no relation | | | | | | |
| ⅙ of ½ residue | | 4,708.02 | 500 | 4,208.02 | 5% | 210.40 |
| Mrs. J. B. Segrest—no relation | | | | | | |
| ⅙ of ½ residue | | 4,708.03 | 500 | 4,208.02 | 5% | 210.40" |

Due to an error in calculations, appellee concedes that the tax due is $1,444.02 and that the overpayment was $3,693.80; and this is the amount awarded in the judgment.

"It is the contention of appellee that the one-half community property interest of Pearl S. Taylor is not property passing 'by the will', is not property categorized in Article 7117, and should not have been included in computing the inheritance on the Frank Taylor Estate."

Appellants state that "The sole issue is whether all the community or only decedent's one half thereof 'passed' under his will within contemplation of Art. 7117." (14.01).

We agree with appellee.

Art. 14.01, supra (7117) provides:

"All property within the jurisdiction of this State, real or personal, corporate or incorporate, and any interest

therein, including property passing under a general power of appointment exercised by the decedent by will, including the proceeds of life insurance to the extent of the amount receivable by the executor or administrator as insurance under policies taken out by the decedent upon his own life, and to the extent of the excess over Forty Thousand ($40,000) Dollars of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life, whether *belonging to* inhabitants of this State or to persons who are not inhabitants, regardless of whether such property is located within or without this State, which shall pass absolutely or in trust by will or by the laws of descent or distribution of this or any other state, or by deed, grant, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, shall, upon passing to or for the use of any person, corporation, or association, be subject to a tax for the benefit of the State's General Revenue Fund, in accordance with the following classification; Provided, however, that the tax imposed by this Chapter in respect to *personal property of nonresidents* (other than tangible property having an actual situs in this State) shall not be payable; (1) if the grantor/ or donor at the time of his death was a resident of a state or territory of the United States which, at the time of his death, did not impose a transfer or inheritance tax of any character in respect of personal property of residents of this State (other than tangible personal property having an actual situs in said State); or, (2) if the laws of the State or territory of the residence of the grantor or donor at the time of his death, contained a reciprocal provision under which nonresidents were exempted from transfer or inheritance taxes of every character in respect to personal property (other than tangible personal property having an actual situs therein) provided the State or territory of residence of such non-residents allowed a similar exemption to residents of the State or territory of residence of such a grantor or donor. For the purpose of this Chapter the District of Columbia and possessions of the United States shall be considered territories of the United States. Provided further that the provisions of this Chapter shall not apply to residents of those states which have no inheritance tax law. Any transfer made by a grantor, vendor, or donor, whether by deed, grant, sale, or gift, shall, unless shown to the contrary, be deemed to have been made in contemplation of death and subject to the same tax as herein provided, if such transfer is made within two (2) years prior to the death of the grantor, vendor, or donor, of *a material part of his estate,* or if the transfer made within such period is in the nature of a final distribution of property and without adequate valuable consideration." (Italics ours.)

A careful reading of the above article has convinced us that it is not subject to the construction that the Legislature thereby intended to levy a tax upon the privilege of receiving property from a decedent which property the decedent did not own. This is evident from the use of the phrases "belonging to", "personal property of non-residents", "of a material part of his estate."

These phrases are used in referring to the property of the donor or grantor, the transfer of which is or may be subject to the tax imposed.

This construction of the statute is authoritatively confirmed by the opinion of the Texas Commission of Appeals in Jones v. State, 5 S.W.2d 973, 974. In that case the husband included all of the community estate in his will and his wife elected, upon his death, to take under the will. In holding that the wife's interest in the com-

munity was not to be included in assessing the inheritance tax due the Court stated:

"Much stress has been laid by counsel for the state upon the doctrine of election under wills under which rule it is contended the surviving wife, having elected to take under the will, has done so, and will not be heard to dispute her action or to avoid the effect thereof; that by a proper application of the doctrine there has passed by the will the specific devises made. On the other hand, counsel for plaintiffs in error insist the doctrine does not control this case, because she has taken nothing under the will which she would not otherwise have been entitled to take, and therefore there is no equity to estop her.

"It cannot be said broadly that the surviving widow has not taken anything under the will which she would not otherwise have received, since she has received specific property under the will, whereas in the absence of the will she would have owned an undivided one-half interest in all the property. But this is of no moment in the consideration, for we have seen that by the terms of the statute before the tax is imposable the property must have passed by the will. We are of the opinion no property passed to the widow by the will in any event. It is undisputed that all of the estate possessed by the testator was community property. As matter of law, the wife was the equal owner in her own right of one-half of that estate. To be sure, their estates existed in common, and during the marriage the common estate was indissoluble, but nevertheless her right, subject to certain statutory control, was the equal of the husband's. Upon the husband's death, the community estate passes, one-half to the widow and one-half to the children (where there are children). But, while this provision of the law is found in our statutes of descent and distribution, nevertheless the wife's taking her one-half of the community is not the taking by an heir. She does not inherit such one-half, but she takes it as owner in her own separate right after the dissolution of the marriage. King v. Morris (Tex.Com. App.) 1 S.W.2d 605. So that it is plain, if there had been no will, the surviving widow would not have been taxable for the one-half of the community which she would have taken, because the same would not have passed 'by the laws of descent or distribution.'

"Now if the surviving widow owned in her own right an undivided one-half interest in the community property of herself and husband, then she had title to that extent to such property, and, if the will of deceased did not pass any property to her, clearly she is not taxable. The will did not pass any property whatever to her, because it operated only as an effective partition of the community property after death. A partition deed or agreement does not pass title at all * * *.

"Under the undisputed facts, the surviving widow having received no more than her just share of the community property fully owned by her prior to the death of her husband, or if slightly in excess of her one-half, yet not as much as the minimum amount taxable under the act, $25,000, she has received no property through the operation of the will. The only effect of that instrument was to partition the community property between the surviving widow and the other beneficiaries; in other words, to make definite the particular portion of the community property owned by her, and not in anywise to affect, by increasing or diminishing, her estate. This is not the passing of property contemplated by the Inheritance Tax Act. To impose the tax under such circumstances would be to visit the tax upon the real owner whose real right to the property has not been

affected one way or the other by the death of a co-owner."

This case is the subject of an extended comment by Mr. Judson Falknor, in 5 Washington Law Review 55, from which we quote:

"  *   *   * The language used by *   *   * the Supreme Court of Texas *   *   * is logical and in conformity with our fundamental notions of the community property system, and *   *   * a simple application of the fundamental conceptions demonstrates not only that the state  *   *   * under our present Inheritance Tax Statute, is not entitled to a tax upon the wife's share in the community property, even where she elects to take under the will, *   *   *

"  *   *   * For it is manifest that at the time of the death of the husband, under a will such as we are discussing, the state is in no position to levy any tax whatever upon the wife's half of the community property. Before the state can plausibly make such an attempt, a further voluntary and affirmative action on the part of the wife is required. In other words, she must agree and consent, either by a formal written acceptance of the will and relinquishment of her interest in the community property, or by virtue of an estoppel, that her half of the community property shall, along with the husband's half, be turned into the trust. But this amounts to nothing more than a conveyance by the wife to the trustee, after the death of the husband, of her interest in the community property. The fact that the entire community property finds its way into the trust does not mean that the trustee of the beneficiaries under the trust receive the property by will or inheritance; it simply means that one-half of the community property goes to the trustee for the benefit of the named beneficiaries by virtue of the will of the husband,

and the other half of the community property goes into the trust because of the voluntary and, what clearly seems to be, the legally affirmative act of the wife."

If the property received by the wife under the will is less valuable than her community interest, and she elects to take under the will, it is the prevailing view as to Federal Estate taxes that to the extent of such excess value the wife has made a gift to the beneficiaries. See "Community Property and Federal Taxes" by John Paul Jackson, 12 S.W. Law Journal 1–53, Community Property in the Administration of Estates in Texas by Virgil Childress, 5th Annual Taxation Conference, 1957, University of Texas Law School, pp. 155–195; Commissioner of Internal Revenue v. Siegel, 9 Cir., 250 F.2d 339, and Commissioner of Internal Revenue v. Chase Manhattan Bank, 5 Cir., 259 F.2d 231.

The State strongly relies upon Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620 and Graser v. Graser, 147 Tex. 404, 215 S.W.2d 867.

These cases are not tax cases. They but reiterate the long settled rule that a party who elects to take under a will renounces every right inconsistent with it. This rule was the basis of the decision by the Court of Civil Appeals in the Jones case, supra (290 S.W. 244). It was not applied by the Commission of Appeals in that case, although its application would have summarily disposed of the issue.

We do not consider the right not to be taxed to the extent of the value of property owned by Pearl S. Taylor as being inconsistent with any right passing to or received by her by or under the will of her husband.

It is our opinion that, because of the wording of Art. 14.01, reinforced by equitable considerations, the value of the community interest of Pearl S. Taylor in the community estate did not "pass" to her under the will of Frank Taylor within the contemplation of Art. 14.01.

From 1942 to 1948, the Federal Government included the whole of the community estate of husband and wife in Texas in valuing and assessing estate taxes upon the death of the husband. This artificial and inequitable procedure justifiably caused hue and cry in this State. See XXIV Texas Law Review, p. 34; id. p. 439, id. p. 483. Having secured relief from this unfair procedure in Federal estate taxes, we should not resurrect this buried principle and inflict ourselves with it in the field of local inheritance taxes. Certainly we should not do so without clear legislative mandate, and none is to be found.

We affirm the judgment of the Trial Court.

Affirmed.