Margaret B. HALTOM et al., Appellants,

v.

The AUSTIN NATIONAL BANK, Trustee, Appellee.

No. 11956.

Court of Civil Appeals of Texas, Austin.

Nov. 1, 1972.

Rehearing Denied Nov. 29, 1972.

---

John H. Akin, Pearce & Smith, Crawford C. Martin, Atty. Gen., Robert L. Lemens, Asst. Atty. Gen., Austin, for appellants.

John Stayton, Jr., McGinnis, Lochridge & Kilgore, Austin, for appellee.

SHANNON, Justice.

This appeal involves the construction of the holographic will of Wayman Adams who died April 7, 1959. The principal question to be decided is whether the words, "would like", as used in the will, are precatory or mandatory.

Appellee, The Austin National Bank, Trustee, filed a declaratory judgment suit in the district court of Travis County seeking a construction of that will to clear title to two lots in Austin in which appellants claim an interest.[1] The appellee filed a motion for summary judgment and the appellants filed a motion for partial summary judgment. The court granted appellee's motion and denied appellants', and the judgment provided that appellants take nothing under the will, and that any cloud on the title of the involved land be removed. We will affirm that judgment.

Adams was a renowned genre painter and portraitist, but not an attorney. His will which, as admitted for probate, reads as follows:

"My will

May 16, 1952

I, Wayman E. Adams, being of sound mind, will that in case of my death all property of which I am possessed go to my wife Margaret Boroughs Adams as long as she lives. *And after her death if it has not been necessary to dispose of it would like our home at 2815 San Gabriel, Austin Texas be given to the Texas Fine Arts Association for a small museum*—All paintings other real estate and personal property be administered by the Austin National Bank with advice from Mr. Ben Thrasher and Miss Ima Hogg—for the benefit of our son Wayman Jr.

(signed) Wayman Adams"

(Emphasis added.)

Margaret Boroughs Adams died February 8, 1965 without having sold the residence.

At issue is the construction of the language emphasized above. Appellants claim that the reference to the Texas Fine Arts Association is mandatory, and that the members of the Association thereby acquired the total, or at least a partial, interest in the two lots at 2815 San Gabriel. Appellants also maintain that the will put Mrs. Adams to an election to take her half of the community estate or to take under the will. Contrarily, the position of appellee is that the reference to the Association is precatory, and that the Association took nothing under the will.

As appellants filed a motion for partial summary judgment, they, necessarily, did not take the position in the court below, and do not here, that the language of the will

---

1. Appellants are Margaret B. Haltom, Patti I. Riley, Richard D. Haar, Moton H. Crockett, Jr. and Fred C. Morse, all residents of Austin who were named defendants below as representatives of a class, which class consisted of all the members of Texas Fine Arts Association, an unincorporated association. Additionally, Texas Fine Arts Association and the Attorney General of Texas are appellants.

or the extrinsic evidence appearing in the summary judgment proof raised fact questions concerning the testator's intent, thereby precluding, for this reason, summary judgment for appellee.[2]

■ Appellants argue that the words, "would like", are the choice words and measured phrase of a cultivated gentleman who wrote, not with legal precision, but rather with polite and gentle language. They say that the critical words, though ordinarily denoting desire, are, in effect, words of command cloaked in the language of civility. We disagree, and hold that the reference to the Texas Fine Arts Association in the will of Wayman Adams is precatory and that the Association acquired nothing under the will.

The appellants' view of the words, "would like", departs substantially from general notions. The word, "would", is frequently used in expressions of desire or wish, (Webster's New International Dictionary, Second Edition), and the word, "like", is akin to words such as desire or wish. Roget's International Thesaurus (Third Edition).

■ In some jurisdictions the words, "would like", have been compared to desire and held precatory.[3] Although we are not aware that these words have been construed in Texas, the similar words, "wanted", "wish", and "desire" have. Although these words may be mandatory, depending upon their context, their usual and ordinary meaning is precatory. Bergin v. Bergin, 159 Tex. 83, 315 S.W.2d 943 (1958); Langehennig v. Hohmann, 139 Tex. 452, 163 S.W.2d 402 (1942).

An examination of the will supports our holding. That Adams knew how to use mandatory words is demonstrated in the first sentence of the will in which he "willed" that all of his property pass to his wife for life. In the following clause concerning the residence, he changed from an expression of command to one of desire, "would like". This is some indication that the testator in this clause had an intention different from his intent expressed in the preceding sentence.

Of some significance is the fact that Adams plainly contemplated that the residence "would be given" to the Association, not after his death, but after that of his wife, indicating a future gift, and not a present testamentary disposition.

In conclusion, it is our view that Adams employed words of recommendation with respect to the residence and left to the discretion of someone else whether to carry the recommendation into effect.

2. The affidavits attached to appellants' motion for summary judgment indicate that both Wayman Adams and his wife had been active members in the Texas Fine Arts Association, and that she had served in several official capacities in that organization. During his life, Adams had made contributions to the Association in terms of time and effort, including the furnishing of the residence for exhibitions of paintings. On occasion, when entrance fees were charged for those exhibitions, the sums received were given by the Adamses to the Association. He had also donated one of his paintings to the Association.

Adams was aware that the Texas Fine Arts Association owned Elizabeth Ney Museum and Laguna Gloria Museum, and that both museums had formerly been residences which had been devised to the Association by the respective owners.

In the opinion of a past President of the Association, the Adams residence is a "truly beautiful and distinctive home" which includes an "unusually designed area which was used as Wayman Adams' studio and gallery . . ." which would be " . . . extremely well suited to be used as an art museum."

3. In Angus v. Noble, 73 Conn. 56, 46 A. 278, 282 (1900) the Supreme Court of Errors of Connecticut rather tersely stated that the words, "would like", expressed " . . . a desire [on the part of the testatrix], but not in such a way as to impose any duty to respect it." See, also, In re MacAdams' Estate, 45 Wash.2d 527, 276 P.2d 729 (1954).

Since the reference in the will to the Texas Fine Arts Association is precatory, Mrs. Adams was not put to an election, and appellants' point is overruled.

The judgment is affirmed.

Affirmed.