**FIRST UNITED METHODIST CHURCH OF MARLIN, Texas, Appellant,**

v.

**Walter H. ALLEN et al., Appellees.**

**No. 5781.**

Court of Civil Appeals of Texas, Waco.

Oct. 20, 1977.

Rehearing Denied Nov. 10, 1977.

John B. Henderson, Jr., Cameron, for appellant.

Robert G. Carter, Jack D. Welch, Marlin, Wiley Stem, Jr., Danny C. Wash, Waco, John L. Hill, Atty. Gen. of Tex., Stephen J. Wilkinson, Asst. Atty. Gen., Austin, for appellees.

HALL, Justice.

Appellees Walter H. Allen and Mary Jane Reagan, executor and executrix of the estate of Lalla Branson, deceased, brought this suit for a declaratory judgment construing the deceased's last will and three codicils to it. We are concerned on this appeal only with conflicting claims by appellant First United Methodist Church of Marlin, Texas, and appellee L. D. Moore, which arose in this fashion: In the will the testatrix devised her home to the Church. However, in a codicil she stated, "I have willed my home to First Methodist Church, but I want them to let L. D. Moore buy it for $10,000.00." After a hearing without a jury, the court construed the language in the codicil to be mandatory and decreed that Moore was entitled to buy the home from the Church for $10,000.00. The Church appeals asserting that the statement in the codicil is precatory only, and that it takes the home under the will. We overrule these contentions and affirm the judgment.

The will was formal and typewritten. It was executed on January 4, 1973. The codicils were all holographic. One was dated, "August, 1974"; another was dated August 28, 1974"; and the third was dated "October 19, 1974." The testatrix died in April, 1975. The will and all three codicils have been duly probated.

The dispositive paragraphs of the will provide as follows:

2. To the First United Methodist Church of Marlin, Texas, I give and bequeath my home, located at the corner of Houghton and Carter Streets, and being a part of Lot No. 15 of the Curry Addition to the town of Marlin.

3. To my friend Katie Ainsworth, wife of Shelton Ainsworth, I give and bequeath the sum of Five Thousand and 00/100 ($5,000.00) Dollars.

4. To my friend Josephine Watkins, daughter of Mrs. Joe M. Watkins, I give and bequeath the sum of Five Thousand and 00/100 ($5,000.00).

5. To my friend Frank Goodrich, son of Mrs. N. W. Goodrich, I give and bequeath the sum of Five Thousand and 00/100 ($5,000.00) Dollars.

6. To the Methodist Home Foundation, Waco, Texas, I give and bequeath the sum of One Thousand and 00/100 ($1,000.00) Dollars.

7. To my housekeeper, Ruby Hynson, I give and bequeath my china, and a sofa which is in my house. Mary Jane Regan knows what these items are and will identify them.

8. In the event that I do not have sufficient money to pay the money bequests made herein, the devises of money shall share the money I have in proportion to the amount devised and given to them.

9. All the rest and residue of my estate of every kind and character I give to my friend and neighbor Mary Jane Regan.

The codicil dated "August, 1974" begins as follows: "What I want done with several things in my home: To Ruby Hynson: Everything in Mabel's room (n. east bedroom) except the clothes in the closet. Give them to someone who needs them. Also the marble top coffee table in the library downstairs southeast room. Also the Seth Thomas clock in the back room downstairs on mantel." Then, the codicil contains this language: "L. D. Moore wants a chance to buy the home. Give him first chance. I am leaving him the clock at the foot of stairs." Thereafter follows a number of specific bequests to various individuals (including Katie Ainsworth, Frank Goodrich, and Mary Jane Reagan, who were named in the will, and others who were not named in the will)

of pictures, furniture, silver, china, and other household and personal effects. Near the end of this codicil the testatrix named eleven men under the heading "Pallbearers," the second man named being "L. D. Moore." Also named were Frank Goodrich and Walter Allen (appointed executor in the will).

The codicil dated August 28, 1974, begins, "From my will . . . To Ruby Hynson," and makes a number of additional specific bequests to Mrs. Ruby Hynson which are not in question on this appeal. It ends, "Signed: Not to be changed. Lalla Branson."

The third and last codicil reads in full as follows:

"I have willed my home to First Methodist Church, but I want them to let L. D. Moore buy it for $10,000.00. The various things in my house that have not been assigned to a special person will go with the house.

"The house is 62 years old and at present time needs lots of repair, so we decided on the $10,000.00 price.

"Lalla Branson—Oct. 19, 1974."

The evidence shows that the testatrix was advanced in years and probably in her eighties at the time of her death, and that she was a retired schoolteacher. She never married and no relative survived her. She was a life-long member of appellant Church, served many years as its organist and secretary, and was active in its women's organization and a sunday school class. Her mother and sister were also active in the Church during their lives. Other than showing that Moore was not a relative of testatrix, the record does not directly show their relationship. However, it is manifest under the codicils that they were good friends. The parties stipulated that the value of testatrix's home is $42,000.00.

■ The primary concern of the court in the construction of a will and its codicil is to ascertain and declare the intent of the testator, and, if legal, enforce that intent. *Sellers v. Powers,* 426 S.W.2d 533, 536 (Tex. Sup.1968). To accomplish these ends, the

court will consider the instruments in their entirety and, where possible, harmonize and give effect to all of their parts. 61 Tex. Jur.2d 259–261, Wills, §§ 138, 139. Where, as here, there are several codicils to be considered, it is presumed that the testator has reexamined the testamentary disposition in the original will and the previous codicils before executing the last; and the will and the codicils are to be regarded as one instrument speaking from the date of the last codicil. It therefore follows that insofar as the last codicil makes testamentary changes deviating from previous dispositions of property, the provisions of the last codicil will control. *Hinson v. Hinson,* 154 Tex. 561, 280 S.W.2d 731, 735 (1955); *Boyd v. Frost Nat. Bank,* 145 Tex. 206, 196 S.W.2d 497, 508 (1946).

Pointing to the fact of testatrix's long, close relationship with the Church, and to the fact that Moore was not related to her, the Church argues that testatrix's use of the word "want" in the codicil of October 19, 1974, was not used in a mandatory sense, but is merely suggestive and indicative of a request or expectation on her part, and that in the context of the will as a whole, it was not meant "to constitute a limitation or restriction on the full ownership and discretion of appellant as to the terms of the sale of the property left it" by testatrix.

■ In considering informal language used by a layman who did not have legal advice in drawing his will, the court will not construe such language technically but will do so liberally in the endeavor to arrive at the intent of the testator. *Welch v. Straach,* 531 S.W.2d 319, 321 (Tex.Sup. 1975).

■ Although such words as "want," "wish," and "desire" in their ordinary and primary meaning are precatory, they are often construed as mandatory when used in a will where it appears from the context or from the entire document that they are the expression of the testator's intention in disposing of his property. *Bergin v. Bergin,* 159 Tex. 83, 315 S.W.2d 943, 947 (1958).

■ When the will and the codicils in question are construed together and in their entirety, it is plain that the testatrix's purpose in executing the codicils was to effect changes in the disposition of her properties as originally set forth in the will, and to make new dispositions in favor of several close friends including appellee Moore; and that the word "want" as used in the codicils was mandatory in meaning and not merely expressive of a precatory desire.

Appellant's points and contentions are overruled. The judgment is affirmed.